IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT A. BURKE, ESQUIRE<br>ATTORNEY I.D. NO. 61268<br>PATRICK J. GALLO, JR., ESQUIRE<br>ATTORNEY I.D. NO. 316092<br>BRIAN J. FORGUE, ESQUIRE<br>ATTORNEY I.D. 322783<br>**MacELREE HARVEY, LTD.**<br>17 W. Miner Street<br>West Chester, PA 19381-0660<br>(610) 436-0100 | ATTORNEYS FOR PLAINTIFFS,<br>SUZANNE SOMERS and<br>SLC SWEET, INC. |

| | |
|---|---|
| SUZANNE SOMERS, et al.<br><br>            Plaintiffs,<br><br>   v.<br><br>QVC, INC.<br><br>            Defendant. | CIVIL ACTION NO. 2:19-cv-04773-CFK<br><br>JURY TRIAL REQUESTED |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL**

Plaintiffs, Suzanne Somers and SLC Sweet, Inc. ("SLC") (collectively "Plaintiffs"), by and through their undersigned counsel, hereby submit this Opposition to Defendant, QVC, Inc.'s ("QVC" or "Defendant") Motion to Compel. [Docket No. 28].

**PRELIMINARY STATEMENT**

The relief Defendant seeks is inconsistent with the Federal Rules of Civil Procedure relating to the collection and production of Electronically Stored Information ("ESI"). Moreover, Defendant fails to identify a single provision of the Court's May 8,

1

2020 Order Governing Electronic Discovery [Docket No. 27] to which Plaintiffs failed to adhere. Defendant seeks, essentially, three forms of relief.

1. QVC seeks an Order compelling Plaintiffs' attorneys to directly gather information and that Plaintiffs' representatives not be a part of this. There is no authority in the Federal Rules of Civil Procedure or case law interpreting those rules to compel a party to take this unprecedented step. Moreover, the Court's Electronic Discovery Order does not impose this requirement. Finally, as QVC is well aware, Plaintiffs are located in California. An Order requiring Plaintiffs' counsel to travel to California and review Plaintiffs' documents is impractical and (under the various States' Coronavirus procedures) likely impossible.

2. QVC seeks the forensic imaging and analysis of all devices used by any representative of Plaintiffs. QVC seeks this prior to the production of any documents and without the requisite showing of intentional wrongdoing. Again, there is no authority to require the forensic imaging of the parties' computers and devices at this stage. Moreover, as Plaintiffs have advised Defendant on multiple occasions, files responsive to Defendant's discovery request are located at Plaintiffs' email host, Intermedia.net and on Dropbox. Accordingly, there is no need to image and analyze the individual computers or devices used by representatives of Plaintiffs. Burke Certif. at Exhibits "B" and "C".

3. Answers to QVC's questions: not one of QVC's questions are required to be answered in accordance with the Court's Order. Moreover, there is no authority to compel Plaintiffs to respond to each of Defendant's questions absent evidence of wrongdoing by Plaintiffs.

2

As set forth herein, the authority in this District clearly states that there will be no forensic imaging of the parties' devices absent some direct evidence of wrongdoing. Defendant identifies not a single instance where Plaintiffs have failed to abide by the Court's Order Governing Electronic Discovery or have in any other way hindered the production of documents. The Motion should be denied.

## ARGUMENT

**I.   Plaintiffs' Collection of Documents is Being Done in Accordance With the Rules and This Court's Order Governing Electronic Discovery.**

Plaintiffs' statements regarding the manner in which Plaintiffs are collecting information responsive to QVC's discovery requests are clear and unequivocal. Plaintiffs advised QVC in detail regarding Plaintiffs' electronic system and the manner in which documents will be collected and produced.

> The electronic system that Plaintiffs and Plaintiffs' representatives have in place includes individual computers (and mobile devices) for the transmittal and receipt of electronic mail communications.[4]
>
> The e-mail is hosted at Intermedia.net. It is run on the current version of Microsoft Exchange. There are two separate accounts that are with Intermedia that have SLC files on them. There contains non-SLC information on both these accounts, as well as SLC information. Data is also housed on a Dropbox account for SLC. Plaintiffs have collected, and are in the process of continuing to collect, files from the Dropbox account and from the electronic files of Caroline Somers, Alan Hamel, Suzanne Somers, Julie Turkel and Jill Schugardt. The information for the relevant time period was, and still is, housed at Intermedia and Dropbox. The files are maintained, preserved and not deleted. The retention of these files will continue and will not be deleted. The two e-mail accounts on Intermedia do contain files unrelated to SLC. The Dropbox account also contains files unrelated to SLC.[5]

---

[4] May 28, 2020 letter attached as Exhibit "B".
[5] June 23, 2020 email attached Exhibit "C".

3

Defendant misrepresents and misstates to this Court the information Plaintiffs have, in good faith, provided to Defendants relating to the collection and production of ESI. Burke Certif. at ¶ 2.

## II. There Can Be No Order Compelling the Forensic Imaging or Analysis of Plaintiffs' Computers and Electronic Devices Absent a Compelling Showing of Wrongdoing.

No documents have been produced in this case by either party as of this time. Accordingly, Defendant has not identified, and cannot identify, any wrongdoing by Plaintiffs regarding the production of materials. The standard for compelling the forced forensic analysis of a parties' computers in the Eastern District of Pennsylvania is clear and unequivocal.

When a litigant believes that another party has failed to comply with its obligations under Rule 34, Rule 37 provides a remedy and the burden is on the movant to show that the party from whom documents were requested either withheld relevant documents or failed to conduct a reasonable search. Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop., No. CV 15-6480, 2020 WL 3498161, at *2 (E.D. Pa. June 29, 2020) (citing Enslin v. Coca-Cola Co., Civ. A. No. 14-06476, 2016 WL 7013508, at *1 n.2 (E.D. Pa. May 13, 2016) ("The burden lies with the party requesting discovery to show that a responding party's production of ESI was inadequate and that additional efforts are warranted."); The Sedona Conference, The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production. Principle 7 (2d ed.2007) ("The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronically stored information were inadequate.") (emphasis added).

4

This burden is not trivial, as it is "[t]he producing party who is in the best position to determine the method by which they will collect documents. The producing party responding to a document request has the best knowledge as to how documents have been preserved and maintained." Winn-Dixie, 2020 WL 3498161, at *2 (citing Ford Motor Co. v. Edgewood Properties, Inc., 257 F.R.D. 418, 427 (D.N.J. 2009); see also The Sedona Principles, Principle 6 ("responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.").

Moreover, Federal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents. Brand Energy & Infrastructure Services, Inc. et al. v. Irex Corporation, et al., 2018 WL 80641 (E.D. Pa. 2018); and In re Lorazepam & Clorazepate Antitrust Litig., 219 F.R.D. 12, 17 (D.D.C. 2003). Without a showing of bad faith or unlawful withholding of documents, requiring such "discovery on discovery" would unreasonably put the shoe on the other foot and require a producing party to go to herculean and costly lengths. Id. (quoting Ford Motor Co. v. Edgewood Props., Inc., 257 F.R.D. 12, 458 (D.N.J. 2009)). Additionally, a party's assertion that its adversaries' search methodology was unreasonable is virtually always insufficient absent some concrete evidence pointing to the existence of missing documents. Winn-Dixie Stores, 2020 WL 3498161, at *4 (citing Russel v. Kiewit Corp., Civ. A. No. 18-2144, 2019 WL 2357525, at *3 (D. Kan. June 4, 2019). As documents have not been produced, there are no missing documents.

3662500v1
191601.65822

Document production has not even begun yet and QVC is prematurely alleging wrongdoing. QVC cannot show wrongdoing, bad faith, withholding of any documentation, or any other malfeasance that would even arguably give rise to the relief it seeks. At its very best, QVC's instant motion is premature. At its worst, as is indeed the case, the motion is a transparent effort to micromanage Plaintiff's production and improperly drive costs and waste this Court's time. QVC fails to carry the burdens adopted by the Eastern District and Federal Courts governing document production, asks for unprecedented relief, and, for the reasons set forth herein, QVC's motion should be denied.

### III. There is no Requirement That Plaintiffs' Attorneys Collect and Review Relevant Data for Production.

Caroline Somers is the President of Plaintiff, SLC and is the individual most knowledgeable about the facts of this case, the documents that exist and the reprehensible conduct of QVC during its relationship with Plaintiffs. As President of SLC, and the individual with the most knowledge of the relevant events, Caroline Somers is the individual most qualified for the collection of data.

There is no authority that QVC identifies that requires attorneys to be the ones responsible for the collection of information. Moreover, should QVC have any questions regarding the manner in which documents were collected and produced, QVC will have the opportunity to take Caroline Somers' deposition and question what occurred.

The primary document that QVC cites in support of its unprecedented position is a marketing article put out by an E-discovery company. The article entitled *How Dangerous is Self-Collection in E-Discovery?* was authored by Sheila Mackay. Ms. Mackay is the Senior Director of Conduent, an E-discovery consulting group that sells

6

its services to attorneys for the collection of ESI. With no citation to the Federal Rules of Civil Procedure that govern the production of ESI, Ms. Mackay arrives at the not-so-surprising conclusion that parties should not collect their own E-discovery. Rather, Ms. Mackay opines that companies should hire her company, Conduent to be responsible for the collection and production of ESI. Ms. Mackay provides her contact information so that companies can contact her. Ms. Mackay's marketing article is attached as Exhibit "D".

The caselaw cited by QVC is boilerplate. The cases do not support QVC's unprecedented request that the lawyers should collect and review data for production (and not the parties). The cases cited by QVC (none of which are even from this District) are readily distinguishable from the facts of this case.

QVC's cited cases all involve sanctions for intentional misconduct after a review of the document production. Nat'l Day Laborer Org. Network v. U.S. Immigration and Customs Enforcement Agency, 877 F. Supp. 2d 87, 108 (S.D.N.Y. 2012) (government's response to FOIA request was inadequate). Jones v. Bremen High Sch. Dist. 228, No. 08 C 3548, 2010 WL 2106640 (N.D. Ill. May 25, 2010) (school district failed to institute a formal litigation hold after notice for approximately two years, and engaged in gross negligence and spoliation of evidence in its production). Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614 (D. Colo. 2007) (defendant, Land O' Lakes destroyed discoverable emails and other electronic information). Wachtel v. Health Net, Inc., 239 F.R.D. 81 (D.N.J. 2006) (sanctions awarded for Defendant's habitually evasive responses to Plaintiff's discovery requests, lack of candor, and failure to produce

7

approximately 20,000 pages of relevant discovery that resulted in crushing prejudice to plaintiff).

## IV.     Plaintiffs Provided the Information Consistent With the Court's Electronic Discovery Order.

The additional questions that QVC wants answered are not mandated by the Federal Rules of Civil Procedure or the Court's Order Governing Electronic Discovery. The Court's Electronic Discovery Order requires the parties, by May 28, 2020, to provide the following information:

   a.   a list of the most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities;

   b.   a list of each relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization, and formats employed in each system;

   c.   the parties should also include other pertinent information about their electronic documents and whether those electronic documents are of limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost;

   d.   the name of the individual responsible for the party's electronic document retention policies ("the retention coordinator");

   e.   a general description of the party's electronic document retention policies; and,

   f.   the name of the individual who shall serve as the party's "e-discovery liaison."

Exhibit "A".

Consistent with the strict requirements, on May 28, 2020 Plaintiffs provided the following information to QVC:

    a.    Plaintiffs' custodian of relevant electronic materials is Caroline Somers, President, SLC Sweet, Inc.

    b.    The electronic system that Plaintiffs and Plaintiffs' representatives have in place includes individual computers (and mobile devices) for the transmittal and receipt of electronic mail communications.

    c.    Caroline Somers is identified as Plaintiffs' "Retention Coordinator". Plaintiffs do not have a formal electronic document retention policy.

    d.    Plaintiffs do not have a formal electronic document retention policy.

    e.    Rachel McCardell is identified as Plaintiffs' "Discovery Liaison".

> Plaintiffs do not intend to employ an electronic search to locate relevant electronic documents.
>
> Plaintiffs' Retention Coordinator" reviewed the document requests and, with the assistance of counsel, provided documents responsive to same.

Exhibit "B", May 28, 2020 correspondence to counsel.

Additionally, in response to QVC's inquires, Plaintiffs went beyond what was required under the Electronic Discovery Order and provided the following information to QVC:

> The electronic system that Plaintiffs and Plaintiffs' representatives have in place includes individual computers (and mobile devices) for the transmittal and receipt of electronic mail communications.[6]
>
> The e-mail is hosted at Intermedia.net. It is run on the current version of Microsoft Exchange. There are two separate accounts that are with Intermedia that have SLC files on them. There contains non-SLC information on both these accounts, as well as SLC information. Data is also housed on a Dropbox account for SLC. Plaintiffs have collected, and are in the process of continuing to collect, files from the Dropbox account and from the electronic files of Caroline Somers, Alan Hamel, Suzanne Somers, Julie Turkel and Jill Schugardt. The information for the relevant time period was, and still is, housed at

---

[6] May 28, 2020 letter attached as Exhibit "B".

9

> Intermedia and Dropbox. The files are maintained, preserved and not deleted. The retention of these files will continue and will not be deleted. The two e-mail accounts on Intermedia do contain files unrelated to SLC. The Dropbox account also contains files unrelated to SLC.[7]

Exhibit "C". June 23, 2020 electronic mail.

It is also important to note that Plaintiffs provided a much more detailed explanation of systems than QVC. On the issue of QVC's systems, QVC's May 28, 2020 letter stated only as follows:

> QVC has a series of servers and sources of information that include Office 365, Skype, Microsoft Teams and SharePointe. We will be prepared to talk about those, and any other electronic systems, during the meet and confer tomorrow.

Exhibit "E", QVC letter dated May 28, 2020.

QVC has not answered any of the questions that it is demanding now of Plaintiffs.

---

[7] June 23, 2020 email attached Exhibit "C".

3662500v1
191601.65822

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny QVC's Motion and deny its request for attorneys' fees and costs for bringing this Motion.

                                                Respectfully submitted,

                                                **MacELREE HARVEY, LTD.**

Date:   July 17, 2020          By:    */s/ Robert A. Burke*
                                                      Robert A. Burke, Esquire
                                                        Attorney I.D. No. 61268
                                                       Patrick J. Gallo, Jr., Esquire
                                                       Attorney I.D. No. 316092
                                                       Brian J. Forgue, Esquire
                                                       Attorney I.D. No. 322783
                                                       17 West Miner Street
                                                       West Chester, PA  19381-0660
                                                       (610) 436-0100
                                                       Email:  rburke@macelree.com
                                                                 pgallo@macelree.com
                                                                 bforgue@macelree.com

                                                       *Attorneys for Plaintiffs, SLC Sweet, Inc.*
                                                       *and Suzanne Somers*

3662500v1
191601.65822