# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUZANNE SOMERS and SLC SWEET, INC.** | : | CIVIL ACTION |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | No. 19-4773 |
| | : | |
| **QVC, INC.** | : | |
| *Defendant.* | : | |

## ORDER

**AND NOW**, this **26th** day of **October 2020**, upon consideration of Defendant's Motion to Compel (ECF No. 47), it is hereby **ORDERED** and **DECREED** Defendant's Motion to Compel (ECF No. 47) is **DENIED.**

Defendant QVC's Motion to Compel (ECF No. 47) relates in no way to anything that QVC has or has not received in pursuing its defense as to Defendant's claim that this is a simple contract case.  Defendant QVC's Motion to Compel does not specify any facts, allegations, or defenses regarding liability and damages missing from Plaintiffs' production, if any production at all (one cannot tell from the face of the motion), to this date.  This is not a game of comparisons in terms of size of production or who is in charge of the production in a family run business, at least on this record.  Obviously, in terms of the merger issues, and its relationship with the alleged vendor who was competing with Plaintiffs, QVC has all the relevant documents which are understandably voluminous.  Defendant QVC

should also have all the relevant documents it generated vis-à-vis Plaintiff Suzanne Sommers and the vetting it did of her financials and products in negotiating QVC's "simple" contractual relationship with Plaintiff Sommers.  As to Plaintiffs, QVC must point out which documents they surmise they are missing based on cross-referencing its own records with its review of the discovery produced by Plaintiff to date as well as where Plaintiff has not produced discovery in the areas that Defendant indicated it would explore in its 26(f) report, for example, as to Plaintiffs' financials, the quality of Plaintiffs' products, and the Evine relationship.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**