UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE SOMERS, and SLC SWEET, INC., *Plaintiffs*, v. QVC, INC., *Defendant*. | Civil Action No. 2:19-cv-04773-CFK  JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this _____ day of _____, 2021, upon consideration of Defendant QVC, Inc.'s Motion for Reconsideration, it is hereby ORDERED that (1) the Court's August 9, 2021 Order and Memorandum Opinion (ECF Nos. 102 and 103), which granted and denied in part Plaintiffs' Motion to Compel (ECF No. 57) are VACATED, and (2) Plaintiffs' Motion to Compel is DENIED.

_____
The Honorable Chad F. Kenney
U.S. District Court Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE SOMERS, and SLC SWEET, INC., <br> *Plaintiffs*, <br><br> v. <br><br> QVC, INC., <br> *Defendant*. | Civil Action No. 2:19-cv-04773-CFK <br><br> JURY TRIAL DEMANDED |

**DEFENDANT QVC, INC.'S MOTION FOR RECONSIDERATION
OF COURT'S MEMORANDUM OPINION AND ORDER
<u>GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART</u>**

Defendant QVC, Inc. moves the Court to reconsider and vacate its August 9, 2021 Order and Memorandum Opinion (ECF Nos. 102 and 103), which granted and denied in part Plaintiffs' Motion to Compel (ECF No. 57), and instead deny Plaintiffs' Motion to Compel in its entirety. In support of this motion, QVC relies on and incorporates herein the accompanying memorandum of law.

Dated: August 18, 2021

Respectfully submitted,

*/s/ Edward J. Sholinsky*
Edward J. Sholinsky (Pa. I.D. No. 206561)
Samantha Banks (Pa. I.D. No. 319401)
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
(215) 751-2000

and

Richard B. Harper, Esq.
Alyssa Pronley, Esq.
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

Erik Koons, Esq.
Elisa Beneze, Esq.
BAKER BOTTS LLP
700 K Street, N.W.
Washington, D.C. 20001-5692
(202) 639-7700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SUZANNE SOMERS, and SLC SWEET, INC.,

*Plaintiffs*,

v.

QVC, INC.,

*Defendant*.

Civil Action No. 2:19-cv-04773-CFK

JURY TRIAL DEMANDED

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT QVC, INC.'S MOTION FOR RECONSIDERATION OF COURT'S MEMORANDUM OPINION AND ORDER <u>GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART</u>**

Defendant QVC, Inc. ("QVC") files this limited Motion for Reconsideration and/or Clarification regarding this Court's Memorandum Opinion (ECF No. 102) and Order (ECF No. 103), entered on August 9, 2021, that granted in part and denied in part Plaintiffs' Motion to Compel (ECF No. 57).

## INTRODUCTION

In the Opinion and Order, this Court (1) ruled that the joint-client privilege protected from disclosure 28 of 29 documents comprising the basis of the *in camera* submission and (2) asked QVC whether it expected to assert a "reliance of advice of counsel defense." QVC's Motion for Reconsideration and/or Clarification addresses both of those points. ***First***, the Opinion, at page 8, states: "Communications between Mr. Gassett and QVC employees concerning [HSNi, LLC's] agreement or relationship [with] Mr. Lessman—such as Document 3019—must be produced." QVC asks this Court to reconsider its privilege ruling. While this ruling affects only Document 3019 in this case, it minimizes the legitimate legal interest sister entities have in each other's contractual obligations.[1] Although the Opinion notes that QVC's brief did not specifically address the shared interest between QVC and HSN that triggers the joint-client privilege, the briefing schedule provided for the submission of legal memoranda *before* the identification and submission of the documents for *in camera* review and Plaintiffs "did not identify a single document [in the motion] to challenge its inclusion." QVC's Opp'n to Mot. Compel ("Opp'n") at 11. Document 3019 (submitted under Tab M of the stipulated *in camera* review documents) facially shows that QVC and HSN had a shared interest in ensuring

---

[1] QVC has reviewed the 29 documents submitted to the Court for *in camera* review and the larger group of 768 documents on QVC's privilege log that Plaintiffs' motion challenges and has identified no other documents concerning the Lessman agreement or relationship.

that a vendor's contract rights at HSN did not preclude QVC from entering vendor contracts in the same product space.  **Second**, although QVC will not rely on an "advice of counsel defense," it anticipates offering relevant non-privileged communications made by Christopher Gassett, Esq. and Donna Brown, Esq. in the course of their communications with Plaintiffs.

## ARGUMENT

I. **THE JOINT-CLIENT PRIVILEGE APPLIES TO DOCUMENT NO. 3019.**

This Court should reconsider its decision that the joint-client privilege does not protect Document No. 3019 from production because the document reflects a QVC businessperson's request to in-house counsel for legal advice regarding whether the exclusivity in an HSN vendor's contract would impact QVC.  This Court reasoned—consistent with QVC's position regarding the legal standard—that it must determine on a document-by-document basis whether a communication provides legal advice over which QVC and HSN share a legal interest.  "The joint-client privilege can protect communications between employees of affiliated companies and centralized in-house legal team from disclosure." Op. at 6 (*citing In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 362 (3d Cir. 2007), *as amended* (Oct. 12, 2007)); Opp'n at 11 ("It is noteworthy that Plaintiffs do not identify a single document on the privilege log to challenge its inclusion.").  "The party asserting the joint-client privilege must show both that the communication is a privileged attorney-client communication and that the clients are or shared a common legal interest."  Op. at 6; *see also* Opp'n at 5.  This Court's analysis is *not* categorical, but instead looks to whether the specific "communication [is] primarily or predominantly of a legal character."  Op. at 7; *see also* Opp'n at 11.  QVC does not dispute this standard for

applying the joint-client privilege; instead, QVC seeks reconsideration of this Court's application of that standard to the single document it impacts.

Applying the legal standard this Court identified in its Opinion to Document 3019 shows that QVC and HSN share a legal interest that triggers the joint-client privilege.[2] The e-mail chain in Document 3019, on its face, makes clear that QVC Vice-President Rob Robillard sought information about the exclusivity terms of an HSN vendor agreement to better understand whether QVC (now an HSN affiliate) was contractually prohibited from selling competing products. This is consistent with other emails Robillard and his subordinate Rich Yoegel sent in that time period seeking information whether the HSN vendor's exclusive agreement was binding on QVC. *See* QVC_00037036, attached as Ex. 9 to Plaintiffs' Motion for Summary Judgment (ECF 65-13). Thus, QVC's business people were doing the right thing: asking in-house counsel when they had questions about their obligations under an agreement with a sister company. This is precisely the interrelated nature of sister-company contractual relationships that the joint-client privilege should and does protect. It is also consistent with the body of case law holding that the joint-client privilege applies in all settings where legal advice is provided other than when the corporate family members have adverse interests (like in a bankruptcy).

---

[2] Although the Court suggested that QVC's *brief* did not articulate the shared legal interest between QVC and HSN as to communications involving contract interpretation (like Document 3019) (Op. at 8), QVC at the time of filing its brief had not yet had the Court-mandated meet and confer (*see* Court Order of May 4, 2021 setting the brief schedule, ECF No. 58), nor had it received a list of the specific documents Plaintiffs were looking to submit to the Court. Plaintiffs' submissions before or after the meet and confer did not raise any argument on communications involving contract interpretation, and did not discuss Document 3019 (and QVC's briefs necessarily focused on those arguments raised in Plaintiffs' submissions).

3

Thus, QVC requests that the Court reconsider and hold that the joint-client privilege covers Document 3019.

II.     QVC is Not Asserting an "Advice of Counsel" Defense.

This Court asked whether QVC intends to assert a "good faith or reliance on advice of counsel defense" at trial. QVC does not.

The Opinion notes that "[A]dvice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication." Op. at 10. QVC agrees that "Advice of counsel is not in issue simply because it is relevant; the party invoking the privilege must take an 'affirmative step' to place the advice of the attorney in issue." *Id.* at 10-11 (citation omitted). QVC also agrees that it "has argued that it did not breach its contract with Plaintiffs because the Plaintiffs' claims rely on breaches of obligations that are not found in language of their agreement." *Id.* at 11. In other words, none of the claims on which QVC has moved for summary judgment are impacted—and Plaintiffs' summary judgment briefing does not suggest otherwise—by the claims review process, let alone by the contents of privileged communications. Even Count II, the only breach of contract claim on which QVC has not moved for summary judgment, involves QVC's return or rejection of the goods on a timely basis and QVC does not intend to disclose the contents of the privileged communication with respect to that count. Accordingly, QVC has not and does not intend to assert such a claim or defense in the case.[3]

---

[3]     Also, QVC has no intention to assert the defense that Gassett's advice was given in good faith or that QVC relied on his advice in good faith. To the extent Plaintiffs intend to assert that Gassett took actions in bad faith that do not implicate the legal advice he gave, QVC should be allowed to rebut those assertions. *See SmithKline Beecham Corp. v.*

4

With this case proceeding to trial, however, it is important to note that the numerous written and verbal communications between the parties are not privileged. For example, Plaintiffs deposed Donna Brown from QVC's legal department about the basis of her rejection of certain advertising claims, and she testified about communicating those rejections and the basis for them to Plaintiffs. Thus, QVC may offer evidence of its non-privileged communications with Plaintiffs, whether or not those communications were made by counsel.[4]

---

*Apotex Corp.*, 2005 WL 2436662, at *4-5 (E.D. Pa. Sept. 28, 2005) (Surrick, J.) (holding that asserting a defense of good faith in response to an allegation of bad faith does not waive the attorney-client privilege).

[4] QVC understands that these issues may best be addressed through motions in limine and will address them in that context to assist the Court and the parties at trial. QVC also remains available to discuss this or any other issue regarding the privilege at any hearing or conference set by the Court.

**CONCLUSION**

For all of these reasons, this Court should grant QVC's Motion.

| | |
|---|---|
| Dated: August 18, 2021 | Respectfully submitted, |
| | */s/ Edward J. Sholinsky* |
| | Edward J. Sholinsky (Pa. I.D. No. 206561) |
| | Samantha Banks (Pa. I.D. No. 319401) |
| | Schnader Harrison Segal & Lewis LLP |
| | 1600 Market Street, Suite 3600 |
| | Philadelphia, PA 19103-7286 |
| | (215) 751-2000 |
| | |
| | and |
| | |
| | Richard B. Harper, Esq. |
| | Alyssa Pronley, Esq. |
| | BAKER BOTTS LLP |
| | 30 Rockefeller Plaza |
| | New York, New York 10112-4498 |
| | (212) 408-2500 |
| | |
| | Erik Koons, Esq. |
| | Elisa Beneze, Esq. |
| | BAKER BOTTS LLP |
| | 700 K Street, N.W. |
| | Washington, D.C. 20001-5692 |
| | (202) 639-7700 |